**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THEODORE SMITH (#313084)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL.** | **NO. 09-0322-JJB-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

THEODORE SMITH (#313084)                                    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                           NO. 09-0322-JJB-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion to Withdraw Settlement and/or Reinstate Lawsuit, rec.doc.no. 37, and the defendants' Motion for Summary Judgment, rec.doc.no. 43.

The pro se plaintiff, an inmate previously confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, former Secretary Richard Stalder, current Secretary James LeBlanc, John Robson, Kevin Benjamin, and numerous unnamed employees at LSP, contending that the defendants had violated his constitutional right to freedom of religion at LSP by forcing him to listen to religious programing on the prison radio and television networks. The plaintiff also complained that state funds were being utilized to support this practice and that inmates were being required to contribute moneys, through the prison welfare fund and through other means, to support these religious programs and practices, whether they wanted to or not. The plaintiff further complained that LSP was effectively endorsing the Baptist Christian faith by allowing a Baptist Bible college to be established on prison grounds which offered classes in Christian theology but not classes in other faiths, and which thereby discriminated against inmates who were not religious, who did not attend church services, or who practiced other religions. When the plaintiff applied to participate in classes at the Bible college, he was told that he could not do so, assertedly because of his lack of acceptance of a

particular faith and because of his failure to attend church services. Finally, the plaintiff complained that state buildings at LSP were being utilized to house the Bible college, that state funds had been utilized to build and maintain religious structures, that state funds, donated funds, and funds raised through sales of rodeo tickets, hobby-craft, telephone services and the like were being misappropriated for the purpose of supporting religious activities and for the benefit of both security officers and inmates alike. The plaintiff asserted that these actions amounted to a violation of his right to equal protection, a violation of his right to freely practice his religious beliefs and a violation of the Establishment Clause through an effective endorsement of religion and an impermissible entanglement between church and state.

On August 20, 2010, a Magistrate Judge's Report was entered herein which recommended denial, in part, of a Motion to Dismiss filed by the defendants. Shortly thereafter, on August 25, 2010, the parties entered into a settlement agreement and thereafter filed a Joint Motion and Order to Dismiss, see rec.doc.no. 34. The Settlement Agreement, which is attached as an exhibit to the parties' Joint Motion to Dismiss, provided that the plaintiff agreed to dismiss this matter, with prejudice, and the defendants agreed to pay all of the plaintiff's institutional debts, including outstanding court costs, and to reimburse the plaintiff all monies previously paid by him in connection with this case. In addition, although not stated in the referenced settlement documents, the parties also agreed that the plaintiff would be re-assigned from the working cellblocks to a job in the main prison complex as an inmate counsel and would be provided with the higher pay associated with that position.[1] On September 28, 2010, the Court granted the parties' Joint Motion to Dismiss and dismissed the above-captioned proceeding. See rec.doc.no. 35.

Approximately 6 months after the execution of the referenced settlement agreement, on or

---

[1] The plaintiff asserts that defendant Cain also agreed to give the plaintiff trustee status, to recommend that the plaintiff be awarded parole, to give the plaintiff $20.00, to expunge two (2) disciplinary reports filed against the plaintiff, and to allow the plaintiff to finish and teach school, to transfer to the Police Barracks, and to attend the Bible College if he wanted. See rec.doc.no. 39.

about March 4, 2011, the plaintiff filed the instant Motion to Withdraw and/or to Reinstate Lawsuit, rec.doc.no. 37.  The plaintiff asserts therein that on the day that he signed the agreement, he was called to the office of defendant Warden Cain and was there urged by defendant Cain to enter into the settlement.  When the plaintiff refused to do so, defendant Cain allegedly threatened to have the plaintiff killed and to have the plaintiff's body cremated so as to cover up any incriminating evidence.  According to the plaintiff, defendant Cain boasted that he could get away with such conduct because he had previously gotten away with murdering and cremating a co-inmate by the name of Joel Durham.  The plaintiff asserts, in a sworn "Declaration", <u>see</u> rec.doc.no. 39, that it was only after this "death threat" that he decided to enter into the referenced settlement agreement, because "it was "either settle or be killed."

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a copy of the settlement documents executed between the parties in August, 2010, a disciplinary report issued against the plaintiff on February 3, 2011 (charging the plaintiff with "Aggravated Disobedience"), copies of correspondence authored by defendant Cain on February 7 and 22, 2010, a copy of an administrative grievance filed by the plaintiff on February 18, 2010, and the affidavits of Terri Cannon, Stephen LaMartiniere, Bruce Dodd and defendant Burl Cain.

The Court concludes that the defendants' Motion for Summary Judgment must be denied.  Specifically, summary judgment is appropriate only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  In the instant case, the parties have submitted sworn contradictory statements which present a genuine issue of fact as to whether the plaintiff voluntarily entered into the referenced settlement agreement or whether the settlement was a result of duress caused by the alleged threat of violence issued by defendant Cain.  In such instances, where one party has challenged the validity

of a settlement agreement, the Fifth Circuit has instructed that an evidentiary hearing is required. See Soto v. Estelle, 251 Fed.Appx. 883 (5th Cir. 2007) (holding that District Court erred in dismissing an inmate's claim "without allowing an evidentiary hearing" on his arguments concerning the validity and scope of a prior settlement agreement). See also Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386 (5th Cir. 1984) (holding that where there is a challenge to the validity of a settlement agreement, "the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement"). Accordingly, a resolution of this issue on motion for summary judgment is not appropriate.

It is well-settled in this Circuit that the validity of a settlement agreement is determined by federal law, "at least where the substantive rights and liabilities of the parties derive from federal law." Mid-South Towing Co. v. Har-Win, Inc., supra. A settlement agreement is essentially a contract, and in determining the validity thereof, the federal law of contracts incorporates "the core principles of the common law of contracts that are in force in most states." Smith v. United States, 328 F.3d 760 (5th Cir. 2003). These core principles may be derived from the Restatement 2d of Contracts. Deville v. U.S. ex rel. Dept. of Veteran Affairs, 202 Fed.Appx. 761 (5th Cir. 2006). See also Reed v. Gallegos, 2008 WL 2714082) (S.D. Tex., July 9, 2008) (applying federal law, as elucidated in the Restatement, to a settlement dispute involving an inmate's claim of duress in a case brought pursuant to 42 U.S.C. § 1983). Under Section 175 of the Restatement 2d of Contracts, a contract is voidable if induced by duress or threats of violence.

Based on the foregoing, the Court concludes that the defendants' Motion for Summary Judgment should be denied and that an evidentiary hearing should be held in connection with the plaintiff's Motion to Withdraw Settlement and/or Reinstate Lawsuit.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 43, be denied, and that this matter be referred back for an evidentiary hearing on the plaintiff's Motion to

Withdraw Settlement and/or Reinstate Lawsuit, rec.doc.no. 37.

Signed in Baton Rouge, Louisiana, on February 14, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**